IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RICHARD DARON KENNEDY,
AIS # 196984                              :

    Plaintiff,                         :

vs.                                       :   CIVIL ACTION 11-00252-KD-B

JO BETH MURPHREE, *et al.*,               :

    Defendants.                        :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama inmate proceeding *pro se*, initiated the instant § 1983 action by filing a Complaint and a Motion to Proceed without Prepayment of Fees (Docs. 1, 2). This action was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). For the reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

On May 16, 2011, Plaintiff filed this action alleging violations under 42 U.S.C. § 1983 against Defendants, Joe Beth Murphree and John M. Tyson, Jr. (Doc. 1 at 5). Plaintiff's Complaint was not accompanied by the $350.00 statutory filing fee, and a review of the Plaintiff's litigation history reflects that he has had at least three actions previously dismissed as

frivolous or malicious, or for failure to state a claim upon which relief can be granted. Therefore, this action is subject to immediate dismissal, pursuant to Title 28 U.S.C. § 1915(g), unless the Court finds that Plaintiff is entitled to proceed *in forma pauperis* notwithstanding his status as a "three striker".

Title 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances, provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Under § 1915(g), "if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*." Doss v. Henry, 2008 WL 5231863, *1 (N.D. Fla. Dec. 12, 2008) (unpublished). "The only exception to this is if the prisoner alleges he is 'under imminent danger of serious physical injury.'" Id. (citing 28 U.S.C. § 1915(g); Brown

v. Johnson, 387 F.3d 1344 (11th Cir. 2004); Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)).

As noted supra, Plaintiff filed the present § 1983 action as an Alabama prison inmate and seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915 (Doc. 2). During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has had at least three actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See* Kennedy v. Union Planters Bank, CA 00-00353-CB-M (S.D. Ala. Sept. 1, 2000); Kennedy v. Albech, et al., CA 00-00470-AH-M (S.D. Ala. Jan. 12, 2001); Kennedy v. Reese, CA 09-00275-TMH (M.D. Ala. May 1, 2009); *See also* Kennedy v. Lockett, et al., CA 08-00169-CG-M (S.D. Ala. June 8, 2009).[1]

---

[1] A review of the record indicates that Kennedy's second notice of appeal of Judge Granade's denial of his Rule 60 motion is still pending in this case. Kennedy's § 1983 action was dismissed as frivolous by this Court on June 8, 2009. He filed an appeal following the dismissal, and the Eleventh Circuit Court of Appeals entered a judgment also finding the appeal frivolous on September 3, 2009. Kennedy then filed a Rule 60 Motion to Vacate following the denial of his appeal.

Because Plaintiff has had at least three actions previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted, it is incumbent on him, in order to avoid 28 U.S.C. § 1915(g)'s application, to show that at the time he filed this action, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). In determining whether a plaintiff was under imminent danger of serious physical injury, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

The undersigned has carefully reviewed Plaintiff's Complaint (Doc. 1), and concludes that Plaintiff has failed to satisfy the "imminent danger" exception provided in 28 U.S.C. § 1915(g). In his Complaint, Plaintiff alleges that Defendants "acted under color of state and federal law to deprive plaintiff of his statutory right in due process to strike a plea with him [before his trial]." (Doc. 1 at 9). Specifically, Plaintiff alleges that:

> Since approximately April of 1997, plaintiff has been trying to have a mistake or fraudulent act cleared up or corrected

> because the state through its agents didn't secure any plea what-so-ever with the plaintiff. A silent record doesn't constitute a plea/ or waiver. No plea is on file. Plaintiff has a statutory right in Alabama to enter a plea before trial. This is a malfeasance by and through state agents defendants. If the state prosecutors cannot come up with a plea agreement of some kind signed by plaintiff, then plaintiff's claims must be granted on the merits. This is fabricating documentary evidence in order to defraud plaintiff of due process rights of a liberty interest in plea bargaining. If defendants do produce a plea signed by plaintiff then this complaint cannot be accepted as true.

(Doc. 1 at 4).

Assuming *arguendo* that Plaintiff's factual allegations regarding his denial of the right to plea in his state criminal case are true, there is no suggestion, let alone allegation, that Plaintiff was "under imminent danger of serious physical injury" at the time he filed the present Complaint, or that an "imminent danger of serious physical injury" is ongoing. In fact, Plaintiff has not alleged any conduct which could result in a physical injury. Thus, Plaintiff is not entitled to avoid the bar of § 1915(g) and is not entitled to proceed *in forma pauperis* in this action. 28 U.S.C. § 1915(g). *See* Brown v. Johnson, 387 F.3d at 1349 (the "Eleventh Circuit[] [has] determined that a prisoner must allege a present imminent danger, . . . under section 1915(g). . . ."); Medberry v.

5

Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (Plaintiff could not proceed under § 1915(g) because he failed to allege "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger.").

As noted above, "[i]n this Circuit, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice." Doss v. Henry, 2008 WL 5231863, *2 (N.D. Fla. Dec. 12, 2008). See also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The prisoner cannot simply pay the filing fee after being denied in forma pauperis status [pursuant to the three strikes provision of § 1915(g)]. He must pay the filing fee at the time he initiates the suit.").

Because Plaintiff did not pay the $350.00 filing fee at the time that he filed the instant action and because he has failed to meet the "under imminent danger of serious physical injury" exception provided in § 1915(g), this action is due to be dismissed without prejudice. Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this **1st** day of **June, 2011.**

              **/s/ SONJA F. BIVINS**
              **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                             **/S/ Sonja F. Bivins**
                                                     **UNITED STATES MAGISTRATE JUDGE**